## In the Matter of the Columbia Club. Appeal of the Land Title and Trust Company, Administrator d. b. n. c. t. a. of the Estate of Thomas T. Nelson, Deceased, Appellant.

*Corporations—First class—Dissolution—Distribution of assets— By-Laws—Decedent members' estates—Share in distribution.*

In the distribution of the assets of a corporation of the first class no award was made to the estate of a member in good standing at the time of his death. On exceptions filed to the distribution the findings of fact were that, he died after an agreement of sale of the club property was executed, but before the corporation ceased to function for the purpose of its creation, and before the petition for dissolution was filed.

Where a by-law of the club provided that "When a person shall cease to be a member from any cause all the interest he may have in the property of the club by reason of his membership shall be vested in the corporation," no interest in said property survived to his estate.

A subsequent by-law providing that all right to share in the distribution of the assets of the club shall be vested only in members of good standing at the date of the approval of such by-law, and who shall continue in good standing thereafter and those additional members in good standing who shall have been such for not less than five years from the date thereof, does not avail the testator, who from the date of his death was no longer a member.

As the by-law governing his membership provided that his interest in the property should end with the termination of his membership, he had no interest in the property of the club.

Argued October 10, 1927. Appeal No. 33, October T., 1927, by the Administrator of the Estate of Thomas T. Nelson, deceased, from judgment of C. P. No. 1, Philadelphia County, March T., 1925, No. 9619, in the

matter of the Columbia Club. Appeal of the Land
Title and Trust Company, Administrator d. b. n. c. t.
a. of the Estate of Thomas T. Nelson, deceased. Be-
fore PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN,
GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Exceptions to the account distributing assets of the
Club, pursuant to its dissolution. Before McDEVITT,
J.

The facts are stated in the opinion of the Superior
Court.

The court directed the accountants to restate their
account, including appellant in the distribution and
entered a decree nisi.

Accountants filed exceptions to so much of the decree
nisi as gave appellant a distributive share in the assets.
Before TAULANE, J.

The court entered a final decree excluding appellant
from participating in the distribution of the club
assets.

*Errors assigned* were the findings of fact and the
decree of the court.

*Horace Michener Schell,* for the appellant, cited:
Bauer v. Hill, 267 Pa. 559; Helsel's Estate, 255 Pa.
612; Rangler's Appeal, 3 Pa. 377; Pottsville Bank v.
Water Co., 211 Pa. 566; Interstate Dist. Co. v. Connell,
46 Pa. Superior Ct. 551; Mobile Temperance Hall
Ass'n v. Holmes, 189 Ala. 271; Irons v. Croft Hat and
Notion Company, 140 S. E. 111.

*John Russell, Jr.,* and *Francis B. Bracken,* for ap-
pellee.—Estates of members dying before the resolu-
tion authorizing dissolution are not entitled to club
assets: Bacon on Benefit Societies (4th Ed.) Section
70; Rau et al. v. Torresdale, Frankford Country Club,
87 Pa. Superior Ct. 153; Riddell v. Harmony Fire Co.,

8 Phila. 310; Mobile Temperance Hall Ass'n v. Holmes, 189 Ala. 271; Kuehl v. Mayer, 50 Mo. App. 648; Miller v. Riddle, 227 Illinois 53; Hopkins v. Crossley, 132 Mich. 612.

OPINION BY LINN, J., December 15, 1927:

Appellant's testator was a member of the Columbia Club at the time of his death May 28, 1924. The club was organized pursuant to the general incorporation act as a corporation of the first class for social purposes without capital stock. On January 17, 1924, after prior negotiation for the purpose, the club executed an agreement to sell all its property. The sale was consumated by the delivery of title papers and the payment of part of the consideration on June 23, 1924, the balance being paid August 22, 1924. At a club meeting on September 3, 1924, the officers were directed to take legal steps to dissolve the corporation and to distribute its assets among those entitled. On September 9 they declared a dividend and ordered a refund to the members of the club—dues and tax received on July 1, 1924. A petition for dissolution was filed April 16, 1925, and in May the court below entered such a decree pursuant to the Act of April 9, 1856, P. L. 293. To the account exhibited in the proceeding, exceptions were filed by appellant complaining that the estate of its testator was awarded no part of the assets distributed. After hearing, the learned court below concluded that appellant was not entitled to share because its testator's membership had terminated with his death before the sale.

Appellant's only point therefore is whether the right to participate in distribution arose when the agreement to sell the property was made; its contention is that a dissolution in fact resulted by the agreement to sell all the club property, and that testator thereby became entitled to share in distribution.

While the statute provides that such a decree of dis-

solution "shall not go into effect until a certified copy thereof be filed and recorded in the office of the Secretary of Commonwealth," this record does not require us to decide whether the right of participation in the assets arose when the club formally decided to dissolve, or when the decree was made or when it was recorded, for it appears by the findings of fact, supported by evidence and therefore conclusive here, that the club functioned for the purposes for which it was incorporated until June 23, 1924 when the conveyance was made, and there is evidence that would support a date even later. This finding settles against appellant the contention that there was a dissolution in fact during decedent's life time without now considering what would constitute a dissolution of that character.

When the agreement of sale was made in January 1924, decedent was a member in good standing, a status which existed until his death in May 1924. Sec. 12, Art. 4 of the by-laws provides: "When a person shall cease to be a member from any cause, all the interest he may have in the property of the club, by reason of his membership shall be vested in the corporation." Pursuant to that by-law, decedent ceased to be a member of the club and to have any interest in its property after his death, unless such interest is conferred by some other contract superseding the by-law. Appellant contends that such relation arose by a by-law subsequently adopted in 1920 reading as follows: "All proprietary interest and right to share in a distribution of the assets of the club, real or personal, already acquired or to be acquired, shall be vested only in (1) members in good standing on the date of the approval of this by-law and who shall continue in good standing thereafter, and in (2) additional active or resident members in good standing who shall have been such members for not less than five years from the date of the approval of this by-law." Though the decedent had been a member in good standing for more than five

years at the time of his death, he did not remain a member. The obvious result of the second by-law was to exclude from distribution on dissolution members admitted to the club after the adoption of the by-laws, who lacked five years membership prior to dissolution. This by-law did not supersede the earlier by-law, because it specifically states that the member "shall continue in good standing thereafter."

Appellant also contends that a̓s the agreement of sale of January 1924 was sufficient to constitute the transfer to the vendee the equitable ownership of the premisès sold, the club was then in fact dissolved. While the conclusion drawn is unsound for several reasons, it is sufficient again to refer to the finding that the club functioned for the purpose for which it was incorporated until after testator's death. As the by-law governing his membership provided that his interest in the property should end with the termination of his membership—a result of his death on May 28, 1924—he had no interest in the property of the club under the findings of fact referred to.

Judgment affirmed, costs to be paid out of the fund.